IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| L & M COMPANIES, INC. | : | |
| Plaintiff | : | |
| v. | : | Case No. 3:07-cv-533 |
| AMERICA FOODS, LLC, ROBERT ORTEGA, MAURICIO R. OSORIO and CESAR MANON | : | |
| Defendants | : | |

**TEMPORARY RESTRAINING ORDER**

This matter is before the Court upon plaintiff's Motion for Temporary Restraining Order Without Notice pursuant to Rule 65 of the Federal Rules of Civil Procedure. After careful consideration of the record, the Court makes the following findings of fact and conclusions of law.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the affidavit of plaintiff's representative that plaintiff is a produce creditor of defendants under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the amount of $32,035.25 supplied to defendants as required by the PACA. It also clear that defendants are in severe financial jeopardy and are dissipating PACA trust assets in that defendants: 1) have advised plaintiffs that they are ceasing all ongoing operations and 2) have failed and refused to pay the entire sum owed to plaintiffs despite repeated demands. See In re Kornblum & Co.,

Inc., 81 F.3d 280 (2nd Cir. 1996); Sanzone-Palmisano Company v. M. Seaman Enterprises, Inc., 986 F.2d 1010 (6th Cir. 1993). As a result, it appears that the PACA trust assets are threatened with dissipation. Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990); Taminura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000).

If notice is given to defendants of the pendency of this motion, trust assets may be further dissipated before the motion is heard. Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Taminura & Antle, Inc. v. Packed Fresh Produce, Inc., supra. Entry of this Order without notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(4).

In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

Additionally, there is little harm to defendants in granting an injunction, which only requires defendants to do that which they are required to do under the statute, i.e., maintain the trust required by statute and pay for the undisputed portion of produce.

Lastly, the public interest is furthered by the granting of a temporary restraining order. The statute itself states that the trust law was established to benefit the public interest that had suffered due to nonpayment for produce.

The Court has determined that the bond requirements of FRCP 65(c) are not applicable to this case because defendants already have at least $32,035.25 worth of trust assets from plaintiff as security for the issuance of this Order.

Based on the foregoing, the Court finds that plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this Order is granted without notice.

Therefore, it is by the United States District Court for The Western District of North Carolina,

**ORDERED, ADJUDGED AND DECREED** that defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, including America Foods, LLC., shall not alienate, dissipate, pay over or assign any assets of America Foods, LLC. or their subsidiaries or related companies except for payment to plaintiff until further order of this Court or until defendants pay plaintiff the sum of $32,035.25 by cashier's check or certified check at which time the Order is dissolved.

**ORDERED** that in the event defendants fail to pay plaintiff the sum of $32,035.25 by cashiers or certified check within five (5) days of service of this Order, then the defendants shall file with this Court with a copy to plaintiff's counsel an accounting which identifies the assets and liabilities and each account receivable of America Foods, LLC signed under penalty of perjury; and that defendant America Foods, LLC shall also supply to plaintiff's attorney, within ten (10) days of the date of this Order, any and all documents in connection with their assets and liabilities and related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

Bond shall be waived in view of the fact that defendants now hold $32,035.25 of plaintiff's assets.

This Temporary Restraining Order is entered this 21st day of December, 2007, at 10:15 AM

Signed: December 21, 2007

Graham C. Mullen
United States District Judge